**ALLACCESS LAW GROUP**
  Irene Karbelashvili, State Bar Number 232223
  irene@allaccesslawgroup.com
  Irakli Karbelashvili, State Bar Number 302971
  irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for DAVID B. KETROSER, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. KETROSER,<br><br>Plaintiff,<br><br>vs.<br><br>UB SR LLC, a California limited company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 19-5554<br><br>*Civil Rights*<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF; DECLARATORY RELIEF; AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3); HEALTH & SAFETY CODE §19955 et. seq.); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

Plaintiff, DAVID B. KETROSER (hereinafter "Plaintiff"), herein complains, by filing this Civil Complaint in accordance with Rule 8 of the *Federal Rules of Civil Procedure* in the Judicial District of the United States District Court of the Northern District of California that Defendants have in the past, and presently are, engaging in discriminatory practices against individuals with disabilities. Therefore, Plaintiff makes the following allegations in this federal civil rights action:

## JURISDICTION AND VENUE

1. The federal jurisdiction of this action is based on the Americans with Disabilities Act of 1990, 42 United States Code ("U.S.C.") §§12101-12102, 12181-12183 and 12201, *et seq*. (the "ADA"). Venue in the Judicial District of the United States District Court of the Northern District of California is in accordance with 28 U.S.C. §1391(b) because Plaintiff's claims arose within the Judicial District of the United States District Court of the Northern District of California and the property that is the subject of this action is located in this District in Contra Costa County, California.

## INTRADISTRICT ASSIGNMENT

2. This case should be assigned to the San Francisco/Oakland intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## SUPPLEMENTAL JURISDICTION

3. The Judicial District of the United States District Court of the Northern District of California has supplemental jurisdiction over the state law claims as alleged in this Complaint pursuant to 28 U.S.C. §1367(a). The reason supplemental jurisdiction is proper in this action is because all the claims derived from federal law and those arising under state law, as herein

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF; DECLARATORY RELIEF; AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS

alleged, arose from a common nucleus of operative facts and arose out of the same transactions. The common nucleus of operative facts and the subject transactions, include, but are not limited to, the incidents where Plaintiff was denied full and equal access to and enjoyment of Defendants' facilities, goods and/or services in violation of both federal and state laws when he attempted to enter, use and/or exit Defendants' facilities as described below within this Complaint. Further, due to this denial of full and equal access, Plaintiff was damaged. Based upon these allegations, the state law claims, as stated herein are so related to the federal actions that they form part of the same case or controversy and the actions would ordinarily be expected to be tried in one judicial proceeding.

### *PARTIES*

4. UB SR LLC, a California limited company; and DOES 1-10, inclusive, (hereinafter alternatively collectively referred to as "Defendants") own, operate, manage, and/or lease an office building, located at or about 3223 Crow Canyon Road in San Ramon, CA (hereinafter referred to as "PROPERTY").

5. Plaintiff is informed and believes that each of the Defendants, DOES 1 through 10 inclusive is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

6. The true names and capacities of Defendants DOES 1 through 10, inclusive, are

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF; DECLARATORY RELIEF; AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS

unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes that each of the Defendants herein designated as a DOE is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to him. Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the names have been ascertained.

7. Plaintiff is a "person with physical disabilities" as defined by all applicable California and United States laws. Plaintiff has been afflicted with Multiple Sclerosis since 1973. Plaintiff is unable to independently stand or walk and requires the use of a wheelchair at all times for mobility. Plaintiff is unable, due to his physical disability, to independently use public facilities that are not designed and/or constructed in compliance with applicable accessibility standards to accommodate disabled persons who require a wheelchair for mobility. Plaintiff possesses a disabled parking placard issued by the State of Minnesota. Plaintiff is a resident of Minneapolis, Minnesota and visits family in East Bay, California frequently. Namely, Plaintiff visits his son and grandson about every 6 weeks. When visiting his family, Plaintiff usually stays at the Hyatt in San Ramon which is located just a few blocks from the PROPERTY and Plaintiff intends to stay there in the future when visiting his family.

### FACTUAL STATEMENT

8. Plaintiff visited the PROPERTY on two separate occasions prior to the commencement of this litigation. On August 29, 2018, Plaintiff visited the PROPERTY to evaluate it for a possible medical office rental. During this visit, Plaintiff was denied full and equal access to the PROPERTY because the second floor men's public restroom entry door was too heavy for Plaintiff to operate with ease. Namely, Plaintiff controls his electric wheelchair with his right arm and therefore needs to use his left arm, which is his weak arm, to open the door. Plaintiff struggled as he opened the door with his left arm because the door was simply too heavy. Also, the bathroom stall designated as accessible had a lock that required pinching/twisting of the wrist making it difficult for Plaintiff to utilize. There was also no inner

Page 4 of 16
COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF; DECLARATORY RELIEF; AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS

handle on the stall door, making it difficult for Plaintiff to close the stall door. Plaintiff also noticed that the stall coat hook was mounted too high for him to be able to use.

9. Subsequently, Plaintiff notified Defendants in a September 19, 2018 letter of his accessibility difficulties during his August 29, 2018 visit. Despite this letter, Defendants failed to take any corrective measures at the PROPERTY. Plaintiff returned to the PROPERTY on June 14, 2019 only to find it to still be inaccessible.

10. Plaintiff wishes to have an opportunity to lease an office at the PROPERTY but has been deterred and denied the opportunity to do so because Defendants have failed to make the PROPERTY accessible to Plaintiff.

11. Before filing this lawsuit, Plaintiff's legal representative also had a CASp-certified access consultant do an informal investigation of the PROPERTY on August 27, 2019. While he could not make detailed measurements, he determined that the PROPERTY was also inaccessible in multiple other ways, including, but not limited to, the following:

- No path of travel from parking to front door
- Parking lines white
- Must roll in wheelchair behind parked cars
- Parking stalls have slope over 2%
- Parking stripping faded
- No penalty on parking sign
- No exterior directional signage
- Front door too heavy
- Elevator signage not correct
- Elevator door closes too fast
- No clear space under sink (28.5") on 2nd floor at men's bathroom
- Vestibule door fast closing on 2nd floor at men's bathroom
- Bathroom door fast closing on 2nd floor at men's bathroom

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF; DECLARATORY RELIEF; AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS

- Urinal deeper than 24" and doesn't have 36" clear space (29") at 2nd floor at men's bathroom
- Stall door handle does not provide 1.5" knuckle space at 2nd floor at men's bathroom
- Stall door does not have 60" on pull side (48") at 2nd floor at men's bathroom
- Side grab bar not in correct location at 2nd floor at men's bathroom

12. The condition of the above referenced inaccessible features at the PROPERTY reflects a complete deviation from the most basic access standards as set forth in the Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities (as set forth in Appendix A to 28 CFR Part 36 and hereinafter referred to as "ADAAG") as well as the State building regulations set forth in Title 24, Part 2, Volume 1 of the California Code of Regulations (commonly referred to as the California Building Code) (the "CBC").

13. These above-referred barriers prevented Plaintiff from enjoying full and equal access at the PROPERTY. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases.

14. The violations of the ADA and California law alleged herein relate to substantial, patent and, in some cases, absolute barriers to access that are present at the PROPERTY. These barriers have likely been present since the PROPERTY was developed despite and in violation of the barrier removal duties under the ADA in effect since 1992 as well as California and Federal requirements to alter and remodel the PROPERTY in compliance with applicable disabled access regulations.

15. All of these above-referred barriers to access render the premises inaccessible to and unusable by wheelchair users. Pursuant to federal and state law, Defendants are required to

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF; DECLARATORY RELIEF; AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS

remove barriers and modify the PROPERTY to provide access for physically disabled persons as further set forth herein.

16. Plaintiff was and is irritated, frustrated and extremely upset due to Defendants' insensitive and illegal conduct. Plaintiff personally experienced humiliation, embarrassment, frustration and physical discomfort and other forms of distress because of the inaccessible condition of the PROPERTY, all to Plaintiff's damages in an amount according to proof.

17. Plaintiff avers that Defendants are liable for the following claims as alleged below.

### FIRST CLAIM

### For Discriminatory Practices in Public Accommodations; Violation of the Americans with Disabilities Act of 1990

### (Against all Defendants and each of them)

18. Based on the facts and allegations pled in Paragraphs 1 through 17 above which Plaintiff re-pleads and incorporates herein by reference, Plaintiff was denied full and equal enjoyment of and access to Defendants' goods, services, facilities, privileges, advantages or accommodations in violation of the ADA. Plaintiff alleges that Defendants own, lease and/or operate a public accommodation as defined in 42 U.S.C. §12181(7).

19. The condition of the PROPERTY and/or the manner in which Defendants provided services failed to provide full and equal access to Defendants' goods and services in public accommodations as required generally by the provisions of 42 U.S.C. §12182(a) and 42 U.S.C. §12182(b)(1)(A). As set forth in this Complaint below, Plaintiff was specifically subjected to discrimination in violation of 42 U.S.C. §12182(b)(2)(A)(iv); 12182(b)(2)(A)(v); 42 U.S.C §12182 (b)(2)(A)(iii); 42 U.S.C. §12183 and 42 U.S.C. §12188 because Plaintiff was denied equal access to and enjoyment of the PROPERTY.

20. Plaintiff has the physical impairments alleged in Paragraph 7 above. Plaintiff's physical impairments substantially limit major life activities including walking and standing.

21. One of the specific prohibitions against discrimination under the ADA is set forth in 42 U.S.C. §12182(b)(2)(A)(iv). That Section prohibits, in pertinent part: "A failure to remove

Page 7 of 16

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF; DECLARATORY RELIEF; AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS

1  architectural barriers, and communication barriers that are structural in nature, in existing
2  facilities ... where such removal is readily achievable."

3      22. Plaintiff alleges that the removal of each of the specific barriers as set forth in
4  Paragraphs 8 through 11 above (or elsewhere set forth herein), was at all times, "readily
5  achievable" pursuant to the factors set forth in the ADA and the applicable Regulations adopted
6  by the United States Department of Justice under the ADA (said Regulations being set forth in
7  28 CFR Part 36). In that regard, Defendants could have but did not avail themselves of the tax
8  deduction and tax credits provided by Internal Revenue Code §44 and §190, which apply to the
9  costs of barrier removal. Further, assuming, *arguendo*, that Defendants were able to meet their
10 burden of proof that the removal of the defined architectural barriers (or any of them) was or is
11 not "readily achievable," Defendants have failed to make their goods, services, facilities,
12 privileges, advantages and/or accommodations available through alternative readily achievable
13 means pursuant to the requirements of 42 U.S.C. §12182(b)(2)(A)(v).

14     23. The specific prohibitions against discrimination under the ADA, as set forth in 42
15 U.S.C. §12182(b)(2)(A)(ii) proscribe the following: "A failure to make reasonable modifications
16 in policies, practices and procedures when such modifications are necessary to afford such
17 goods, services, facilities, privileges, advantages or accommodations to individuals with
18 disabilities...."

19     24. Based on the facts and allegations pled in Paragraphs above, which Plaintiff re-pleads
20 and incorporates herein by reference, Defendants failed and refused to reasonably modify their
21 policies, practices and procedures in that they failed to have a scheme, plan or design to assist
22 Plaintiff and/or others similarly situated in entering and utilizing Defendants' facilities and
23 services, as required by the ADA.

24     25. In addition, Plaintiff is informed and believes and based thereon alleges that
25 Defendants have modified and altered the PROPERTY on or after January 26, 1992 in a manner
26 that affects the usability and accessibility of the PROPERTY. The ADA specifically prohibits
27 discrimination against persons with disabilities in the construction and alteration of public
28

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF;
DECLARATORY RELIEF; AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS
TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS

accommodations. In this regard, 42 U.S.C. §12183(1)(a) prohibits:

> (2) with respect to a facility or part thereof that is altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. Where the entity is undertaking an alteration that affects or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path of travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General).

Sections 36.402 and 36.403 of 28 C.F.R. Part 36 contain the regulations called for and referenced in 42 U.S.C. §12183(1)(a). Section 36.402 of 28 C.F.R. Part 36 states, in pertinent part:

> (a) General. (1) Any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities…..
>
> (2) An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.
> (b) Alteration. For the purposes of this part, an alteration is a change to a place of public accommodation or a commercial facility that affects or could affect the usability of the building or facility or any part thereof.
>
> (1) Alterations include, but are not limited to, remodeling, renovation, rehabilitation, reconstruction, historic restoration, changes or rearrangement in structural parts or elements, and changes or rearrangement in the plan configuration of walls and full-height partitions...
>
> (2) If existing elements, spaces, or common areas are altered, then each such altered element, space, or area shall comply with the applicable provisions of appendix A to this part.
>
> (c) To the maximum extent feasible. …….If providing accessibility in conformance with this section to individuals with certain disabilities (e.g., those who use wheelchairs) would not be feasible, the facility shall be made accessible to persons with other types of disabilities (e.g., those who use crutches, those who have impaired vision or hearing, or those who have other impairments).

26. Based on the facts and allegations pled above, and the facts elsewhere in this Complaint, Plaintiff was damaged and will suffer irreparable harm unless Defendants are ordered to remove architectural and other barriers at Defendants' PROPERTY and otherwise obey the requirements of the ADA. Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disabled community. Plaintiff alleges there is a national public interest in requiring accessibility in places of public accommodation. Accordingly, Plaintiff alleges that a prohibitory or mandatory injunction is necessary to assure that Defendants comply with the applicable requirements of the ADA.

## SECOND CLAIM

**For Denial of Full and Equal Access in Violation of California Civil Code Sections 54 and 54.1**

**(Against all Defendants and each of them)**

27. Based on the facts and allegations pled in Paragraphs 1 through 26 above and elsewhere in this Complaint (which Plaintiff re-pleads and incorporates herein by reference), Plaintiff alleges that Defendants have discriminated against Plaintiff and violated his rights under §§54 and 54.1 of the *California Civil Code*. At all times relevant to this Action, *California Civil Code* §§54 and 54.1 have provided that physically disabled persons are not to be discriminated against because of their physical disabilities and that they shall have full and equal use of public facilities and other public places.

28. Section 54(a) of the *California Civil Code* states that individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics and physicians' offices, public facilities and other public places.

29. Plaintiff is an individual with a disability as defined in *California Government Code* §12926.

30. *California Civil Code* §54.1 (a)(1) provides, in pertinent part, as follows:

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF; DECLARATORY RELIEF; AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS

54.1(a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities,... places of public accommodation, amusement, or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

31. *California Civil Code* §54 (c) provides the violation of the rights of an individual under the ADA also constitutes a violation of §54. Section 54.1(d) of the *California Civil Code* provides that a violation of the ADA also constitutes a violation of §54.1.

32. Section 54.3 of the *California Civil Code* provides that any person, firm or corporation that denies or interferes with the admittance to or enjoyment of the public facilities as specified in §54 or §54.1 thereof or who otherwise interferes with the rights of an individual with a disability under §§54 or 54.1 shall be liable for each such offense for the actual damages, and up to three times actual damages, but in no case less than $1,000, and such attorneys' fees as may be determined by the Court.

33. The violations of Plaintiff's rights under the ADA and California law that are alleged in this Complaint have resulted in the denial to Plaintiff of full and equal access to the PROPERTY and its goods and services and have caused Plaintiff to suffer the damage and harm set forth and alleged in this Complaint. Accordingly, Plaintiff prays for relief as hereafter state in pertinent part.

### *THIRD CLAIM*

**(For Violation of Section 19955 et seq. of the California Health and Safety Code)**

**(Against all Defendants and each of them)**

34. Based on the facts and allegations pled in Paragraphs 1 through 33 above and elsewhere in this Complaint (which Plaintiff re-pleads and incorporates herein by reference), Plaintiff alleges that Defendants have violated §19955, *et seq.* of the California Health & Safety Code

35. *California Health & Safety Code* § 19955 provides, in pertinent part:

The purpose of this part is to insure that public accommodations or facilities

Page 11 of 16

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF; DECLARATORY RELIEF; AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS

constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part 'public accommodation or facilities' means a building, structure, facility, complex or improved area which is used by the general public... When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities they shall be made available for the handicapped.

36. *California Health & Safety Code* §19956, which is in the same Chapter as §19955, provides, in pertinent part: "All public accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.

37. *California Health & Safety Code* § 19956 became operative on July 1, 1970 and is applicable to all public accommodations constructed or altered after that date.

38. Plaintiff is informed and believes and based thereon alleges, that the PROPERTY has been substantially altered or modified after July 1, 1970.

39. Pursuant to the authority delegated by *Government Code* §4450, *et seq.*, the California State Architect promulgated regulations for the enforcement of the aforementioned provisions of the *Health & Safety Code* and the *Government Code*. Since July 1, 1970, the State Architect has developed and modified building regulations as set forth in the current version of the CBC and its antecedents.

40. Plaintiff is informed and believes, and based thereon alleges, that the alterations, remodeling, structural repairs and additions conducted since July 1, 1970 were undertaken in violation of the above provisions of California law and the CBC, including, §19959 *Health & Safety Code* and the alteration requirements of § 1134B of the CBC that governs the accessibility in existing buildings when they are modified or altered.

41. Pursuant to § 19953 of the *California Health & Safety Code*, Plaintiff is entitled to seek injunctive relief with respect to the violations of California laws and regulations set forth above. Based on the facts and allegations pled above, and the facts elsewhere set forth in this Complaint, Plaintiff will suffer irreparable harm unless Defendants are ordered to come into compliance with the relevant provisions of the *California Health & Safety Code*, the *California*

*Government Code* and the CBC. Plaintiff alleges that Defendants' discriminatory conduct and failure to obey California law regarding the rights of people with disabilities and the construction and alteration of facilities is capable of repetition, and this discriminatory repetition adversely impact's Plaintiff and a substantial segment of the disability community, including individuals who are wheelchair users. Plaintiff alleges that there is a state and national public interest in requiring accessibility in places of public accommodation. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants. Accordingly, Plaintiff alleges that a prohibitory or mandatory injunction is necessary to enjoin compliance with state civil rights laws and regulations enacted for the benefit of individuals with disabilities, including individuals with mobility impairment.

### FOURTH CLAIM

### For Violation of Section 51 of the California Civil Code

### (Against all Defendants and each of them)

42. At all times relevant to this action, §51 of the *California Civil Code* has provided that physically disabled persons are not to be discriminated against because of their physical disabilities. Based on the facts and allegations pled above and elsewhere in this Complaint (which Plaintiff re-pleads and incorporates herein by reference), Plaintiff alleges that Defendants have discriminated against Plaintiff and violated his rights under §51 of the *California Civil Code*.

43. Plaintiff is a disabled person or has a disability as defined by § 12926 of the *California Government Code*.

44. *California Civil Code* §51(b) provides, in pertinent part:

> (b) All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

45. Section 51(f) of the *California Civil Code* states that a violation of the ADA also

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF; DECLARATORY RELIEF; AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS

constitutes a violation of *California Civil Code* §51.

46. Section 52(a) of the *California Civil Code* provides as follows:

> "(a) Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6

47. The barriers to access complained of herein represent patent, and in some cases absolute, barriers to people with mobility impairment and are of an obvious and intuitive nature.

48. Plaintiff further alleges that the continued presence of barriers at the PROPERY is so obvious as to establish Defendants' discriminatory intent. On information and belief, Plaintiff avers that evidence of the discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the PROPERTY and its facilities; conscious decision to the architectural layout as it currently exists at the PROPERTY; decision not to remove barriers from the PROPERTY despite having been already sued for accessibility violations by another disabled person and also being notified by Plaintiff of accessibility violations prior to the filing of this action; and allowance that the PROPERTY continue to exist in its non-compliant state. Plaintiff further alleges, on information and belief, that Defendants are not in the midst of a remodel, and that the barriers present at the PROPERTY are not isolated or temporary interruptions in access due to maintenance or repairs.

49. Accordingly, Plaintiff prays for relief as hereafter state in pertinent part.

### DEMAND FOR JUDGMENT FOR RELIEF

Plaintiff prays that this Court:

1.   Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the subject property and premises to modify the above described property, premises, policies and related facilities to provide full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF;
DECLARATORY RELIEF; AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS
TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS

injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to *maintain* such accessible facilities once they are provided; to cease their discriminatory policies, including misrepresenting that inaccessible facilities are in fact "accessible"; and to train Defendants' owners, managers, employees and agents in how to properly treat disabled persons and accommodate their rights and needs;[1]

2. Retain jurisdiction over Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof;

4. Award to Plaintiff all reasonable statutory attorneys' fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award to Plaintiff prejudgment interest pursuant to Civ. Code, § 3291;

6. Grant such other and further relief as this Court may deem just and proper.

Dated: September 4, 2019         /s/
                                 Irakli Karbelashvili, Attorney for
                                 Plaintiff DAVID B. KETROSER

### DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

---

[1] Note: Plaintiff is not invoking Civil Code, § 55 and is not seeking injunctive relief under that section;
Page 15 of 16

Dated: September 4, 2019                                    /s/
                                                            Irakli Karbelashvili, Attorney for
                                                            Plaintiff DAVID B. KETROSER

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF; DECLARATORY RELIEF; AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS